UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION,<br><br>               Plaintiff,<br><br>    v.<br><br>WILLIAM BRAMMER, *et al.*,<br><br>               Defendants. | Civil Action No. 23-2355 (JMC) |

## MEMORANDUM OPINION AND ORDER

On August 15, 2023, Defendant William Brammer removed this matter from the District of Columbia Superior Court. *See* ECF 1. The basis for removal was diversity jurisdiction. *See id.* ¶¶ 6–8; 28 U.S.C. § 1332(a). Plaintiff U.S. Bank Trust National Association now moves to remand the matter back to the Superior Court, arguing that Brammer may not remove this case because he is a citizen of the District of Columbia, *i.e.*, the jurisdiction in which this action commenced. ECF 4 ¶ 1; *see* 28 U.S.C. § 1441(b)(2). Finding no basis for federal jurisdiction other than diversity jurisdiction, the Court agrees that the forum-defendant exception applies, and therefore this case must be **REMANDED** to the Superior Court.[1]

This case is a residential foreclosure action under D.C. Code § 42-816, in which Plaintiff alleges that Defendants owe $1,687,854.74 incurred under an adjustable-rate note. ECF 1-1 ¶¶ 6, 13; *see* ECF 1-2. Not long after the complaint was filed, Brammer filed a notice of removal, in which he claimed "there is complete diversity of citizenship between the plaintiff and the

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

defendants and the amount in controversy exceeds $75,000." ECF 1 ¶ 6. Brammer also stated in his notice that he "was at the time the action commenced and continues to be a resident of the District of Columbia." *Id.* ¶ 8. Once Plaintiff filed the present motion to remand, Brammer submitted an "Errata" noting that he "inadvertently overlooked the presence and likelihood of Federal Question in likely defenses and counterclaims to be filed," ECF 6, and then formally opposed remand based on the purported "additional" hook of federal question jurisdiction. *See* ECF 7.

Contrary to Brammer's assertions, federal question or "arising under" jurisdiction is inapplicable here. Whether a case arises under federal law turns on the well-pleaded complaint rule. *Aetna Health v. Davila*, 542 U.S. 200, 207 (2004). This means that federal question jurisdiction "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration." *Id.* (quoting *Taylor v. Anderson*, 234 U.S. 74, 75–76 (1914)). Jurisdiction "cannot be predicated on an actual or anticipated defense," nor can it "rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). In the present case then, it is irrelevant that "[t]he defenses and counterclaims to be brought by the Defendant will include those implicated under Federal Statutes and Regulations." ECF 7 ¶ 1.

No exception to the well-pleaded complaint rule applies either. The main exception to the well-pleaded complaint rule is complete preemption of a state-law claim by a federal statute, *see Aetna Health*, 542 U.S. at 207, but Brammer does not claim this exception applies to D.C. law governing residential foreclosure (nor would the Court agree with him if he did). Instead, Brammer argues that, to acquire evidence for his defenses and counterclaims, he "will need the extended reach for . . . discovery" under Federal Rule of Civil Procedure 45 rather than the more

geographically limited D.C. Superior Civil Rule 45. ECF 7 ¶ 2. This too, however, is jurisdictionally irrelevant. *Cf. Castro v. Molecular Sys. Inc.*, 963 F. Supp. 2d 3, 4 (D.D.C. 2013).

That leaves diversity jurisdiction under 28 U.S.C § 1332(a) as the sole basis for jurisdiction. Where that is the case, an action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C § 1441(b)(2). As such, because Defendant Brammer is a citizen of the District of Columbia, removal is inappropriate in this case.

For the aforementioned reasons, the Court **ORDERS** that this matter is **REMANDED** to the Superior Court for the District of Columbia for all further proceedings.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: October 17, 2023